## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br>v.<br><br>Raul Alexander Jimenez,<br><br>        Defendant. | Crim. No. 04-297 (5) (RHK/AJB)<br><br>**MEMORANDUM AND ORDER** |

      Defendant has filed a notice of appeal, (Docket No. 163), seeking direct appellate review of his conviction and sentence in this matter. The case is presently before the Court on Defendant's application seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 166.)

      To qualify for IFP status on appeal, a party must submit financial information demonstrating that he or she is indigent. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Even if the party is found to be indigent, however, IFP status will be denied if the Court finds that his or her appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

      In this case, Defendant's IFP application shows that he has no source of income at this time, and he has no assets that could be used to pay the $455 filing fee for his appeal. Based on the representations

made in Defendant's IFP application, the Court finds that he is financially eligible for IFP status on appeal.

Although the Court remains satisfied that Defendant was properly convicted and sentenced, his case does not fall within the Supreme Court's definition of "frivolous." Therefore, Defendant's appeal is found to be taken "in good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant's motion to proceed in forma pauperis on appeal, (Docket No. 166), is GRANTED.

Dated: October 18, 2006

s/Richard H. Kyle<br>
RICHARD H. KYLE<br>
United States District Court Judge

---

[1] The Court notes that Defendant has also requested that counsel be appointed to represent him on his appeal. Because Defendant has been found to be indigent, and his application to proceed IFP on appeal is being granted, he is eligible for appointment of counsel on appeal at the Government's expense. However, the actual appointment of counsel on appeal is a matter that is customarily handled by the Court of Appeals.